**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DAVID BOARDMAN,

      Petitioner,

-vs-                             Case No.  8:03-CV-671-T-30EAJ

JAMES McDONOUGH,[1] et al.,

      Respondents.

_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus challenging state convictions entered in 1998 by the Twelfth Judicial Circuit Court, Sarasota County, Florida (Dkt. 1). Respondent has filed a response to the petition (Dkt. 7).  Although having been afforded the opportunity to do so, *see* Dkts. 8 and 10,  Petitioner has not filed a reply to the response.  The matter is now before the Court for consideration on the merits of the petition.

### Background

Petitioner, 47-years-old at the time, was charged by Information on March 30, 1998, with engaging in sexual activity with his 12-year-old stepdaughter (four counts) (Dkt. 7, Ex. 1).  On November 9, 1998, Petitioner entered an open plea of nolo contendere to the charges as set forth in a Second Amended Information (Dkt. 7, Ex. 6).  Petitioner was sentenced to a term of 39 years on Count I and 2 years community control, to be followed

---

[1]James McDonough, Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, Jr., pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

by 23 years probation, on Counts II through IV, with the sentences to run consecutively to the sentence imposed on Court One, but concurrent with each other (Dkt. 7, Ex. 8 at R. 122). On November 19, 1998, Petitioner was designated a sexual predator (Dkt. 7, Ex. 8 at R. 112).

Appellate counsel filed an *Anders* brief[2] directing the appellate court's attention to one possible issue, to wit, whether a non-incarcerative sentence that, when combined with the incarcerative sentence, exceeds the statutory maximum for a first degree felony is unlawful where the total sentencing points exceed 363[3] (Dkt. 7, Ex. 10). In his *pro se* appellate brief, Petitioner raised two issues: (1) whether the trial court violated the Double Jeopardy Clause by imposing multiple sentences in a single prosecution, and (2) whether the trial court erred in denying the defense's motion to dismiss on grounds that the Information failed to set forth the charges with sufficient specificity to enable Petitioner to properly defend himself (Dkt. 7, Ex. 12). The appellate court affirmed Petitioner's convictions and sentences on January 19, 2000, *see Boardman v. State*, 754 So.2d 33 (Fla. 2d DCA 2000), with the mandate issuing on February 11, 2000 (Dkt. 7, Ex. 14).

On May 13, 1999, while his appeal was pending, Petitioner filed an unsworn application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850 (Dkt. 7, Ex. 15). Petitioner presented two claims for relief in his motion: (1) the sentences imposed on Counts

---

[2]An *Anders* brief is filed by a court-appointed defense attorney who wants to withdraw from the case on appeal based on a belief that the appeal is frivolous. In an *Anders* brief, the attorney seeking to withdraw must identify anything in the record that might arguably support the appeal. The court then decides whether the appeal is frivolous and whether the attorney should be permitted to withdraw. *Anders v. California,* 386 U.S. 738 (1967).

[3] Florida's 1994 guidelines did not provide for life sentences. The only time a life sentence could be imposed was through upward departure. In its 1995 session, the Florida legislature made several significant changes to improve the new guidelines, effective October 1, 1995, one of which provided that the trial court could impose a life sentence if the total sentence points exceeded 363. Fla. Stat. § 921.0014(2) (1995).

III and IV and the assessment of victim injury points violated double jeopardy principles because the charges in both counts were based on the same conduct; and (2) the trial court erred in assessing points for victim injury and penetration where the State failed to establish beyond a reasonable doubt that penetration was achieved. Noting that the motion was not properly filed because Petitioner failed to comply with Fla. R. Crim. P. 3.850(c), the trial court dismissed his motion on May 26, 1999, for lack of jurisdiction (Dkt. 7, Ex. 16).

The public defender filed a motion to correct Petitioner's sentence under Fla. R. Crim. P. 3.800(a) on June 19, 2000. Citing the Florida Supreme Court's holding in *Heggs v. State*, 759 So.2d 620 (Fla. 2000)[4] (invalidating the act containing the 1995 sentencing guidelines and certain provisions related to gain time because it violated the single subject rule), he argued that Petitioner should be resentenced under the 1994 sentencing guidelines (Dkt. 7, Ex. 17). Likewise, Petitioner relied on the *Heggs* decision in the Rule 3.800(a) motion he filed *pro se* on July 12, 2000, requesting that he be resentenced under the 1994 sentencing guidelines (Dkt. 7, Ex. 18).

After hearing argument on the motion, the trial court appointed the public defender to represent Petitioner and scheduled a resentencing hearing (Dkt. 7, Ex. 19). Although the scoresheet prepared under the 1994 sentencing guidelines established that Petitioner's sentencing range was between 14.9 and 24.9 years (Dkt. 7, Ex. 21 at R. 267), the trial court entered a departure sentence, finding that the victim was especially vulnerable due to her age and Petitioner was not amenable to rehabilitation or supervision as evidenced by an

---

[4]In *Trapp v. State*, 760 So.2d 924, 928 (Fla. 2000), the Florida Supreme Court held that those defendants whose offenses were committed on or after October 1, 1995, and before May 24, 1997, had standing to challenge their sentences under *Heggs*.

escalating pattern of criminal conduct[5] (Dkt. 7, Ex. 21 at R. 269).   Petitioner was resentenced on March 19, 2001, to a term of 30 years on Count I, 9 years on Count II, to be served consecutively to Count I, and 2 years of community control, to be followed by a 23-year term of probation on Counts III and IV, respectively, to run concurrently with each other, but consecutive to Count II (Dkt. 7, Ex. 20).   Represented by counsel, Petitioner argued on appeal that the trial court abused its discretion in imposing a departure sentence (Dkt. 7, Ex. 23). The state appellate court affirmed Petitioner's new sentences on March 15, 2002.   *See Boardman v. State*, 818 So.2d 507 (Fla. 2d DCA 2002).

Petitioner filed another Rule. 3.850 motion on December 9, 2002, asserting that he was denied effective assistance of counsel with respect to his resentencing proceedings. The trial court denied the motion on December 16, 2002, *see* Dkt. 7, Ex. 28.   The state appellate court affirmed the trial court's decision on March 19, 2003, with the mandate issuing on April 16, 2003.   *See Boardman v. State*, 845 So.2d 193 (Fla. 2d DCA 2003).

Petitioner filed his request for federal habeas relief on April 10, 2003.[6] As grounds for relief, Petitioner asserts that: (1) the trial court erred by imposing sentences that exceed the 30-year statutory maximum for a felony of the first degree; (2) Petitioner is entitled to resentencing under the 1994 sentencing guidelines; (3) Petitioner's rights were violated (a) under the Double Jeopardy Clause because Counts III and IV were based on the same conduct, and (b) under the Sixth and Fourteenth Amendments because the information did not sufficiently narrow the time, date, and place of the offenses to allow him to prepare a

---

[5]Petitioner was convicted in 1989 of committing a sexual assault on an 11-year-old girl left in his care in Illinois.  He was sentenced to a term of 4 years in prison (Dkt. 7, Ex. 22 at Tr. 4-5).

[6]Although the petition was not received by the Clerk's office for filing until April 14, 2003, in this circuit, § 2254 petitions for habeas relief and documents related thereto are considered "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).  Petitioner executed the petition on April 10, 2003.

defense; and (4)  the scoresheet used in calculating the sentence imposed under the 1994 sentencing guidelines was improperly scored (Dkt. 1). Respondent acknowledges that the petition is timely, but asserts that Petitioner has failed to demonstrate that he meets the criteria for relief pursuant to 28 U.S.C. § 2254.  For reasons discussed below, the Court agrees.

## Standard of Review

Since Petitioner's conviction was entered after the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, his petition is subject to the provisions thereof. The standard of review required in a federal habeas corpus proceeding is quite strict, resulting in a heavy burden on the petitioner to successfully overturn a state court conviction. Where, as here, a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims.  *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented  in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003).

"[W]hether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (citation omitted).  A state court's factual finding is presumed to be correct, and a petitioner must

rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Henderson*, 353 F.3d at 890-91.

## Discussion

Grounds One and Three were raised on direct appeal (Dkt. 7, Exs. 10 and 12). Ground Two was raised in Petitioner's Rule 3.800(a) motion (Dkt. 7, Ex. 18), and Ground Four was raised in the unsworn Rule 3.850 motion Petitioner filed while his direct appeal was pending.

**Grounds One, Two, and Four**

In each of these grounds, Petitioner asserts that the sentence imposed by the trial court is illegal.  They are, therefore, addressed together. Grounds One and Two relate to the sentence imposed on November 9, 1998.  Specifically, Petitioner asserts in Ground One that the trial court erred in imposing a 39-year period of incarceration on Count I and consecutive sentences of community supervision and probation on Counts II, III, and IV, respectively; and citing the Florida Supreme Court's decision in *Heggs*, he contends in Ground Two that he is entitled to be resentenced under Florida's 1994 sentencing guidelines.  Since Petitioner was resentenced under the 1994 guidelines on March 19, 2001, the issues raised in Grounds One and Two will be denied as moot.

As to Ground Four, Petitioner contends that the scoresheet used in calculating the guidelines sentence imposed under the 1994 sentencing guidelines was improperly scored. According to Petitioner, the trial court erred in scoring victim injury points on the guidelines scoresheet because the State failed to establish either penetration of, or union with, the victim's vagina, one of which is necessary to support the convictions on Counts III and IV.

Because this claim only presents a matter of state law, it is foreclosed by the United States Supreme Court's decision in *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), holding

that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief.  Pursuant to the provisions of 28 U.S.C. § 2254(a), a federal court is authorized to grant relief to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also Wainwright v. Goode*, 464 U.S. 78 (1983).  Issues of pure state law are not cognizable in a federal habeas corpus action. *Barclay v. Florida*, 463 U.S. 939, 958-659 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac,* 456 U.S. 107 (1981); *Carrizales v. Wainwright,* 699 F.2d 1053 (11th Cir. 1983).

"This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988). In *Branan,* the Eleventh Circuit reaffirmed that "in the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *Id.* at 1508 (citing *Jones v. Estelle,* 622 F.2d 124, 126 (5th Cir.), *cert. denied,* 449 U .S. 996 (1980)). So long as Petitioner's sentence is within the limits set by the Florida legislature as punishment for his crimes, in the absence of some other offending conduct, he cannot demonstrate a cognizable claim for federal habeas relief. How the  state courts interpret state law is not a federal habeas court's concern.

Petitioner's offenses of conviction occurred between September 1, 1996, and March 8, 1998.  A review of Florida's sentencing guidelines statutes confirms that the Florida legislature clearly gave the state's trial courts the discretion to sentence a defendant outside the sentencing guidelines in certain enumerated situations, *see* Fla. Stat. § 921.0016(3), as

long as the sentence imposed does not exceed the statutory maximum for the offense of conviction. *See Capers v. State*, 678 So.2d 330 (Fla. 1996).

Under Florida law, a "'[s]exual battery' means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." Fla. Stat. § 794.011(1)(h). Petitioner entered a plea of *nolo contendere* to four counts of engaging in sexual activity with his 12-year-old stepdaughter, in violation of Fla. Stat. § 794.011(8)(b). As charged, the offenses of conviction involved either penal or digital penetration of the child's vagina or oral stimulation of the genitalia. Florida law provides, in pertinent part, that "a person who is in a position of familial or custodial authority to a person less than 18 years of age and who. . . . [e]ngages in any act with that person while the person is 12 years of age or older but less than 18 years of age which constitutes sexual battery under paragraph (1)(h) commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084." In Florida, a felony of the first degree was punishable by "a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment." Fla. Stat. § 775.082 (1994).

In accordance with Florida law, the trial court entered a departure sentence on the grounds that the victim was especially vulnerable due to age and Petitioner was not amenable to rehabilitation or supervision as evidenced by an escalating pattern of criminal conduct (Dkt. 7 at 21). *See* Fla. R. Crim. P. 3.702(d)(18) (1993) ("factors that can be considered [as reasons for departing from the recommended guidelines sentence] include, but are not limited to, those listed in subsections 921.0016(3) and (4)"); *see also* Fla. Stat. § 921.0016(3)(j) & (p). As discussed above, Petitioner was sentenced under the 1994 sentencing guidelines to serve a term of 30 years in prison on Count I, a consecutive term

of 9 years in prison on Count II, and a term of 2 year under community control, to be followed by a 23-year term of probation on Counts III and IV, to run concurrently with each other, but consecutive to Count II (Dkt. 7, Ex. 20). This sentence is within the constraints set by the Florida legislature, as set forth above. Thus, Petitioner's claim in Ground Four is not cognizable under the federal habeas statute. *See* 28 U.S.C. § 2254(a).

**Ground Three**

Petitioner presents two claims for relief in Ground Three.  He contends that his sentences violate the Double Jeopardy Clause and that his rights to due process and a fair trial were violated because he was prosecuted on a defective information. Although both claims were raised by Petitioner on direct appeal, for reasons discussed below, the latter claim is procedurally defaulted.

**<u>Double Jeopardy</u>**

First, Petitioner asserts that his convictions for four counts of sexual activity with the victim violate the principles of double jeopardy because the conduct used in each  offense was the same. This claim was presented and rejected on direct appeal.  While the state district court rejected the claim without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dept. of Corrs.*, 278 F.3d 1245, 1255  (11th Cir. 2002).

Petitioner does not cite any Supreme Court precedent in support of the argument presented in his § 2254 petition, and a review of the record reveals that in presenting this claim to the state court on direct appeal, Petitioner cited only one federal case in support of his argument – the decision in *Missouri v. Hunter*, 459 U.S. 359 (1983).  Petitioner's reliance on *Hunter* is misplaced.

The *Hunter* court held that where a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the same conduct under the *Blockburger*[7] test, a court's task of statutory construction is at an end and the prosecutor may seek, and the trial court or jury may impose, cumulative punishment under such statutes in a single trial. The Double Jeopardy Clause protects against multiple punishments, but with respect to cumulative sentences imposed in a single trial, it does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. *Missouri v. Hunter*, 459 U.S. at 366.

Here, Petitioner was charged with having engaged in conduct of a sexual nature with the victim on four different occasions. He entered a plea of no contest to all four charges. In setting out the factual basis for the charges, the State informed the trial court that the victim was prepared to testify that Petitioner had sexual intercourse with her, placing his penis inside her vagina, on a minimum of five occasions (Dkt. 7, Ex. 9 at Tr. 13). The record reflects that during a tape-recorded interview which trial counsel unsuccessfully attempted to have suppressed, Petitioner confessed that he penetrated the victim's vagina with his penis on at least two occasions (Dkt. 7, Ex. 9 at Tr. 14). Moreover, Petitioner did not object to the State's factual basis for the charges at sentencing.

The record reflects that while the nature of the conduct was the same, Petitioner's offenses of conviction were "separate" acts, the commission of which constituted separate criminal episodes. Because Petitioner was not tried twice for the same crime or sentenced twice for the same crime, he was not twice placed in jeopardy. It is well-settled that when

---

[7]*Blockburger v. United States*, 284 U.S. 299, 304 (1932) (finding that the two statutes in controversy proscribed the "same" offense, the court held that "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). The *Blockburger* test has been codified by the Florida legislature in Fla. Stat. § 775.021(4) (2000).

a statute makes punishable the doing of one thing or another, the indictment on the statute "may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, . . . and [guilt] will be established at the trial by proof of any one of them." *See Griffin v. United States*, 502 U.S. 46, 51 (1991) (recognizing that it is "a regular practice for prosecutors to charge conjunctively, in one count, the various means of committing a statutory offense, in order to avoid the pitfalls of duplicitous pleading") (quoting 1 J. Bishop, New Criminal Procedure § 436 at 355-56 (2d ed. 1913)); *Crain v. United States*, 162 U.S. 625 (1896).

A federal habeas petitioner bears the burden of demonstrating that he meets the criteria for relief under § 2254. Petitioner has not shown that either the reasoning or the result of the state court decision rejecting his claim is at odds with any United States Supreme Court case, much less one in which the facts are "materially indistinguishable." *See Bell v. Cone*, 535 U.S. 685, 694 (2002). The Court is unable to say that the trial court's rejection of Petitioner's double jeopardy claim was objectively unreasonable. Petitioner is, therefore, not entitled to relief on this claim.

**Due Process**

Petitioner next claims his rights under the Sixth and Fourteenth Amendments were violated when the State amended the information, effectively narrowing the span of time over which the offenses were committed from 4 years to 2 years. Petitioner argues that the amendment prevented him from "properly prepar[ing] to defend the elements of the charged offenses." Petitioner further contends that the State "fail[ed] to give any particular place, time or date, making it impossible to explore an alibi or defense of innocence."

Petitioner first raised this claim in an unsworn[8] Rule 3.850 motion. When the trial court dismissed his Rule 3.850 motion for lack of jurisdiction, Petitioner presented the claim in his *pro se* appellate brief. A review of the record reveals, however, that Petitioner did not raise the federal dimension of this claim in his appellate brief, *see* Dkt. 12 at a 5-6.

Title 28 U.S.C. § 2254(b) requires the exhaustion of state court remedies before a federal habeas corpus application will be entertained. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Henderson v. Campbell*, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

A petitioner's claims or portions of claims which are not exhausted but would clearly be barred if returned to state court must be dismissed.[9] *See Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). Here it would be futile to dismiss this case to give Petitioner the opportunity to exhaust his claim because it could have and should have been raised on direct appeal. *See* Fla. R. Crim.P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on

---

[8] Petitioner failed to sign the motion under oath. Because the Florida Rules of Criminal Procedure require that a defendant seeking relief under Rule 3.850 file his motion under oath, *see* Fla. R. Crim. P. 3.850(c); 3.987, and his appeal was still pending, the state trial court dismissed the motion.

[9] *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

direct appeal of the judgment and sentence").[10]  Because Petitioner did not present his constitutional claim to the highest state court, it has not been properly exhausted and is now procedurally barred in state court.

Therefore, unless Petitioner can show either cause and prejudice to excuse the default or that the manifest injustice exception applies to his claim, it is procedurally defaulted in this Court. *See, e.g.*, *Coleman v. Thompson,* 501 U.S. at 735 n.1 (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes). Cause must ordinarily be something external to the petitioner. *Marek v. Singletary,* 62 F.3d 1295, 1302 (11th Cir.1995). To show prejudice, Petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152 (1982).

Petitioner offers no reason for his failure to raise this claim in state court, and the Court discerns none that would amount to good cause to overcome a state procedural default. Having failed to allege, much less show, that any factors external to the petitioner prevented the presentation of this claim on appeal, Petitioner has not shown cause to excuse the default. *See Murray v. Carrier,* 477 U.S. 478 (1986);  *Wainwright v. Sykes*, 433 U.S. 72 (1977).

---

[10]Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court.  *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995).

An exception to the "cause-and-prejudice" requirement was recognized in *Sykes* when the Court stated that the standard developed there would not bar habeas relief for a victim of a "miscarriage of justice," often referred to as the "actual innocence" exception. *Id.* at  90. A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quotations omitted); *see also Schulp v. Delo*, 513 U.S. 298, 316 (1995). In this context, the petitioner must demonstrate that he has newly discovered evidence that, if presented at trial, would establish factual innocence rather than mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).  Petitioner does not present any evidence of "factual" innocence that was not available at trial. Without such a showing, Petitioner cannot show a colorable claim of actual innocence.

Because Petitioner fails to proffer "specific facts which support a finding that one of these exceptions to the procedural default rule exists," *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996), it would be improper for this Court to address the merits of Petitioner's claim.  *See Kight v. Singletary*, 50 F.3d 1539, 1541 (11th Cir. 1995).

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1.    The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2.   The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 17, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties of Record

SA:jsh